10 F.3d 810
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bobby E. LUCKY, Plaintiff-Appellant,
v.
Jack R. PARR, Oklahoma County District Judge; John Doe,
Oklahoma County Public Defender-Defense Attorney,
Defendants-Appellees.
 No. 93-6250.
 United States Court of Appeals, Tenth Circuit.
 Nov. 29, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Plaintiff-appellant Bobby E. Lucky, appearing pro se and in forma pauperis, appeals the district court's dismissal of his 42 U.S.C.1983 civil rights claim. Our jurisdiction arises under 28 U.S.C. 1291 and we affirm.
 
 
 2
 The parties are familiar with the facts. Mr. Lucky attempts to state a claim against the trial judge involved in his 1976 concealing stolen property conviction, and the public defender who represented him, based on a failure to take a direct appeal. As reasoned by the district court, a judge is absolutely immune from 1983 liability for judicial acts, Stump v. Sparkman, 435 U.S. 349, 355-56, 364 (1978), and a public defender normally does not act "under color of state law" for 1983 purposes. Polk County v. Dodson, 454 U.S. 312, 325 (1981). A public defender may be liable under section 1983 if he engages in intentional misconduct such as a conspiracy with state officials to deprive a defendant of his constitutional rights. Tower v. Glover, 467 U.S. 914, 923 (1984). Here, however, Mr. Lucky does not allege any facts which, even if construed liberally, suggest that the judge and the public defender conspired to deprive him of a constitutional right. We agree with the district court that the defendants are immune from suit, hence, the complaint is based on "an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 327 (1989).
 
 
 3
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3